IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER MORGAN,

    Petitioner,                   No. 2:12-cv-02269 KJN P

    vs.

JAMES RAYE et al,

    Respondent.                <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

        Petitioner challenges his November 10, 2009 criminal convictions in the Solano County Superior Court, resulting in a life sentence without the possibility of parole. Petitioner raises five broad claims in his petition: (1) trial court failed to include supervening (superseding or intervening) causes in its proximate cause jury instruction; (2) insufficient evidence to establish that the conduct of petitioner and his co-defendants proximately caused the victim's

1

death; (3) trial court failed to accurately clarify jury instruction concerning the mental state needed to support a special circumstances finding, and did so outside the presence of petitioner's trial counsel; (4) trial court erred by overruling defense counsel's objections to prosecution's erroneous definition of "beyond a reasonable doubt;" and (5) cumulative error.  Although the petition, on its face, indicates that petitioner exhausted only Ground One on direct appeal to the California Supreme Court, review of the pertinent decision by the California Court of Appeal indicates that, if the same matters were appealed to the California Supreme Court, petitioner did exhaust each of the claims in the present petition.  See People v. Ray (1st Dist. 2011) 2011 WL 3930322.  The petition indicates that petitioner pursued only one collateral attack, in the Solano County Superior Court, on an unrelated matter, challenging the amount of petitioner's restitution/ fine.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

        The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead:

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Due to the lack of clarity on the face of the petition concerning the state court exhaustion of petitioner's claims, and the possibility that the instant petition is a mixed petition containing both exhausted and unexhausted claims, petitioner will be granted thirty days to file an amended petition raising only exhausted claims, or clarifying the exhaustion of his present claims.[2]

An additional problem requires provisional dismissal and refiling -- petitioner has improperly named as respondents in this action his former co-defendants. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing

---

[2] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.
   Petitioner is further cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

3

Rule 2(a), 28 U.S.C. § 2254).  If petitioner remains at California State Prison-Corcoran ("CSP-COR"), when he files his amended petition, he must name the CSP-COR Warden as respondent.

Finally, because petitioner is serving a life sentence without the possibility of parole, this court may appoint counsel upon request.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Petitioner may, if he chooses, file a request for appointment of counsel and seek extension of the deadlines set forth herein pending such appointment.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (Dkt. No. 2) is granted;

2. Petitioner's petition for a writ of habeas corpus is dismissed;

3. Petitioner is granted thirty days from the filing date of this order to file an amended petition raising only exhausted claims; petitioner may, in addition or alternatively, request appointment of counsel.

4. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

SO ORDERED.

DATED:  September 14, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

morg2269.hc.mix.rspdnt.

4